COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


MARION KENNETH WRIGHT
                                          OPINION BY
v.    Record No. 1078-99-4        JUDGE ROBERT P. FRANK
                                         APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                     John E. Kloch, Judge

        Jeffrey T. Barbour, Senior Assistant Public
        Defender, for appellant.

        Richard B. Smith, Senior Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Marion Kenneth Wright (appellant) appeals his conviction of

distribution of cocaine in violation of Code § 18.2-248.  On

appeal, appellant contends the trial court erred in denying his

motion to compel the disclosure of the police surveillance

location.  We disagree and affirm the conviction.

                      I.  BACKGROUND

    Investigator Diane Gittins of the Alexandria Police

Department was "spotting" in a concealed location in the 500

block of Four Mile Road in the City of Alexandria.  From the

"spotting" position, which was located approximately 100

horizontal feet and 50 to 150 vertical feet away, Gittins

observed a female, later identified as Brenda Rucker, speaking with appellant.

Gittins saw Rucker reach into her pocket and fold her hand into a fist.  Gittins testified that she saw Rucker place her fist over appellant's left hand and drop into his hand an "off white, rock-like object wrapped tightly in plastic."  Appellant passed the rock-like object from his left hand to his right hand and then to the left hand of another individual, Mr. Argondona.  Argondona placed the object in his pocket.

As appellant and Argondona crossed the street, appellant aggressively tried to get into Argondona's left pocket.  Argondona backed up with his left hand over his pocket to prevent appellant from reaching inside the pocket.

Rucker testified that she approached appellant and asked "if he was looking."  Rucker stated that appellant responded, "Yes."  Appellant asked for a "20."  Rucker gave appellant a "dime."  Rucker said appellant then passed the rock to Argondona.  Appellant gave Rucker $10, which he received from Argondona.  As Rucker walked away, she heard appellant tell Argondona, "Give me my piece."

Following the transaction, Gittins radioed for the arrest of the individuals, describing the subjects.  The arresting officers arrived, found appellant and Argondona, and arrested them.  One of the officers searched Argondona and found a rock of crack cocaine in his pocket.  The rock of cocaine found on

Argondona was consistent with the appearance of the rock-like object Rucker sold to appellant.

Gittins did not see an exchange of money, and no money or drugs were found on appellant. The transfer took place within ten to fifteen feet of a streetlight and within a few feet of a dumpster. The weather was clear.

Gittins used a spotting scope to observe the transaction. She testified that nothing obstructed her vision. Gittins testified she had spent over 4,000 hours spotting such transactions.

Appellant submitted two photographs of the location of the transaction. Appellant's counsel conceded that the two photographs did not show where the sale actually occurred.

## II. ANALYSIS

Appellant contends the trial court erred in denying his motion to compel Gittins to disclose her surveillance location. He asserts that the information was material to his defense. We disagree and affirm the conviction.

We review the trial court's ruling for an abuse of discretion. See Hollins v. Commonwealth, 19 Va. App. 223, 228, 450 S.E.2d 397, 400 (1994).

In Hollins, we said:

> To compel the disclosure of the exact
> location of a surveillance post, appellant
> must "show that he needs the evidence to
> conduct his defense and that there are no
> other adequate alternative means of getting

at the same point." Only then must the court balance the public interest in effective law enforcement and citizens' safety against the defendant's constitutional right to confront government witnesses. If the court finds that a defendant's rights may be adversely affected, the court may review the location in camera and determine if revelation is necessary. If a court requires disclosure, the Commonwealth may still assert its privilege but must forego prosecution. . . .

In deciding whether to compel disclosure, courts have considered the quality of any corroborating evidence, and the effectiveness of the cross-examination of the surveillance witness. Assuring adequate cross-examination of government witnesses while preserving the privilege varies with the facts of each case. However, other courts have weighed the following facts before requiring disclosure: (1) the use of any vision-enhancing device, (2) the officer's distance from the defendant, (3) the elevation of the post, (4) the existence of any special weather conditions, (5) the weaknesses in the officer's own vision or observation skills, (6) the adequacy of lighting, (7) the angle of sight, (8) the existence of any obstructions, and (9) any other relevant facts.

Id. at 227-28, 450 S.E.2d at 399-400 (citations omitted).

Appellant argues that Davis v. Commonwealth, 25 Va. App. 588, 491 S.E.2d 288 (1997), controls. In Davis, we required disclosure of the surveillance position because the defendant had independent evidence that the spotter's view was obstructed and that the spotter could not identify the seller. See id. at 593-94, 491 S.E.2d at 290-91.

Davis does not control this case. Appellant did not establish a required need for disclosure of the location of the observation post. Appellant failed to show any possible obstruction of the area or to present any independent evidence of obstruction. We, therefore, are not required to balance the competing interests.

Further, the record contains significant evidence to corroborate Gittins' testimony that her view was not obstructed and that the transaction occurred as she reported it. Rucker, who was involved in the sale, corroborated Gittins' testimony of the details of the sale. The description of the participants was corroborated by the arresting officers, who arrested appellant in the same area, within minutes of Gittins' observations. Further, appellant did not cross-examine Gittins to great length regarding her line of sight.

We conclude that the trial court did not abuse its discretion in denying appellant's motion to compel disclosure of the location of the observation post.

For these reasons, we affirm the trial court's judgment.

Affirmed.